**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2335-22

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

FRAYNNED RAMIREZ,

    Defendant-Appellant.

_____

> Submitted September 23, 2024 – Decided November 26, 2024
>
> Before Judges Sabatino and Jacobs.
>
> On appeal from the Superior Court of New Jersey, Law Division, Essex County, Indictment No. 16-10-2948.
>
> Bailey & Toraya, LLP, attorneys for appellant (Adam W. Toraya, on the brief).
>
> Theodore N. Stephens, II, Essex County Prosecutor, attorney for respondent (Stephen A. Pogany, Assistant Prosecutor, on the brief).

PER CURIAM

Defendant Fraynned Ramirez appeals from a February 24, 2023 order denying his petition for post-conviction relief (PCR), arguing the trial court erred in finding his trial counsel was not ineffective in failing to adequately address mitigating factors at sentencing and to timely file an appeal of the sentence imposed. We affirm the PCR court's denial of defendant's petition substantially for the reasons expressed in the well-reasoned, eighteen-page, written opinion authored by Judge Jennifer C. Critchley.

I.

This case concerns a homicide that occurred on Central Avenue in Newark on April 10, 2016. On that date, defendant conspired to rob an individual who was selling marijuana. Defendant and two others entered the victim's residence and proceeded to rob him. An altercation ensued, in which the victim was shot and died before reaching the hospital.

On July 16, 2018, defendant pled guilty to second-degree conspiracy to commit robbery, N.J.S.A. 2C:5-2(a)(1), 2C:15-1(a)(1), first-degree robbery, N.J.S.A. 2C:15-1(a)(1), first-degree aggravated manslaughter, N.J.S.A. 2C:11-4(a)(1), and second-degree unlawful possession of a handgun without a permit, N.J.S.A. 2C:39-5(b)(1). In exchange for this plea, the State agreed to amend the first-degree murder charge, N.J.S.A. 2C:11-3(a)(1), to first-degree aggravated

manslaughter, N.J.S.A. 2C:11-4(a)(1), dismiss all remaining charges, and recommend an aggregate sentence of 13 years in state prison, subject to an 85% period of parole ineligibility pursuant to the No Early Release Act, N.J.S.A. 2C:43-7.2 (NERA). Pursuant to the plea agreement, the State dismissed remaining charges of first-degree conspiracy to commit murder, N.J.S.A. 2C:5-2(a)(1), first-degree felony murder, N.J.S.A. 2C:11-3(a)(3), second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a)(1), first-degree attempted murder, N.J.S.A. 2C:5-1(a)(1), and fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4). Defendant does not contest his arrest or conviction.

Before sentencing on December 10, 2018, trial counsel submitted a two-page memorandum arguing for mitigating factor 12 and advocating for a 10-year sentence. At sentencing, the court found mitigating factors 7 (defendant had no history of prior delinquency or criminal activity or had led a law-abiding life for a substantial period before the commission of the present offense) and 12 (the willingness of defendant to cooperate with law enforcement authorities). N.J.S.A. 2C:44-1(b)(7),(12). The court also found aggravating factor 3 (the risk that the defendant will commit another offense) and 9 (the need for deterring defendant and others from violating the law). N.J.S.A. 2C:44-1(a)(3),(9).

As provided in the plea agreement, the court sentenced defendant to an aggregate sentence of 13 years in state prison, subject to a parole disqualifier under NERA. The court advised defendant he had a right to appeal within 45 days from the date of sentencing. The court asked defendant if he understood the right to appeal and defendant responded, "Yes." The record contains an Appeal Rights form signed and dated by defendant. A transcript of the sentencing reflects that trial counsel handed the form to the court at the conclusion of the hearing. No direct appeal of this sentence was ever filed.

On April 13, 2022, defendant filed a PCR petition based on ineffective assistance of counsel, supported by a brief and defendant's supplemental certification. In defendant's certification, he claimed he told trial counsel to review and appeal his sentence, but that counsel took no further action. In January 2023, the PCR court granted defendant's request for an evidentiary hearing to address whether, in fact, defendant requested trial counsel to appeal the sentence imposed.

At the evidentiary hearing, defendant testified that he spoke to counsel regarding the appeal during and after the sentencing proceeding, stating "I think

I might have seen him in [the] bull pen."[1] Defendant testified further that "[w]hen I got sentenced— the day I got sentenced, [trial counsel] told me and my family that . . . he was going to appeal the sentence[,] [w]hich he never followed through with." Defendant further testified that in the approximately two-and-a-half-year period between the sentence date and date of filing for post-conviction relief, he never took steps himself to file an appeal and never followed up with trial counsel regarding an appeal. When asked during cross-examination if he remembered reviewing the Appeal Rights form, permitting 45 days to file an appeal, defendant answered in the affirmative.

Defendant was given latitude to testify about counsel's overall performance. In that regard, defendant said his attorney did not adequately address additional applicable mitigating factors. Defendant claimed to have consumed marijuana, alcohol, and Percocet on the date he committed the offenses. This controlled substance use purported to support mitigating factors 3 and 4; "defendant acted under a strong provocation" and "[t]here were substantial grounds tending to excuse or justify the defendant's conduct, though failing to establish a defense." N.J.S.A. 2C:44-1(b)(3),(4). Contrary to

---

[1] "Bull pen" is a colloquialism used to describe a holding cell in courthouses throughout the state for inmates awaiting same-day court appearances.

defendant's arguments, when asked by the court whether he knew what his intent was when going to the location where the crimes occurred, defendant answered "Yes."

In his testimony, trial counsel stated that he remembered defendant's case "very well" and repeated several times that neither defendant nor his family ever asked him to file an appeal. When asked about the Appeal Rights form, trial counsel stated: "I read the form to him[,] [a]nd no one contacted me thereafter . . . ." Trial counsel stressed that he negotiated a favorable plea in view of the fact that defendant's sentence could have been between 30 years to life. Counsel testified he did not have an independent recollection of any conversations about filing an appeal aside from reading the Appeal Rights form to defendant.

On February 24, 2023, the PCR court issued an order and written opinion denying defendant's petition in its entirety. In its decision, the PCR judge found that defendant had been properly advised of his right to appeal by both the sentencing judge and trial counsel. The PCR judge found trial counsel to be "an extremely credible witness," whereas defendant was found to be not credible based on inconsistencies in his testimony on direct and cross-examination and as compared to the transcripts of the sentencing proceedings. Specifically, the court found "[defendant's] testimony regarding the [s]entencing [h]earing was

6

factually and definitively incorrect."  The judge noted that defendant gave conflicting answers as to whether trial counsel told defendant he could appeal, whether trial counsel argued for a specific sentence to be imposed, and whether trial counsel argued for mitigating factor 12.

The court further found that defendant could not remember if he had conversations with trial counsel about how to file an appeal and could not remember going over every part of the Appeal Rights form that he signed with trial counsel.  The court noted there were no records of phone calls, letters, or other logs to evidence or corroborate defendant's claim that he asked trial counsel to file an appeal.

Finally, the PCR court determined trial counsel acted reasonably in that trial counsel negotiated a favorable plea agreement. Ramirez received a favorable sentence in light of the exposure he was facing, and Ramirez's appeal would not have been meritorious.  In so finding, the court specifically rejected the merit of advancing mitigating factors 3 and 4.

As an aside, the PCR court did not consider the issue of ineffective assistance of counsel due to trial counsel's failure to raise defendant's age as a mitigating factor, because PCR counsel "acknowledge[d] that this amendment [adopting mitigating factor 14] is not retroactive and does not support the claim

of ineffective assistance of counsel.  Petitioner's counsel claim[ed] that this factor should apply if a new sentencing hearing were to take place after a successful PCR."  See State v. Lane, 251 N.J. 84 (2022).

Citing Strickland, the court further found that defendant's testimony was at times inconsistent and concluded that he had failed to satisfy his burden to show trial counsel's performance was deficient or that he suffered prejudice. Strickland v. Washington, 466 U.S. 668 (1984).  This appeal followed.

## II.

Defendant raises the following arguments on appeal:

> POINT I
>
> DEFENDANT WAS DENIED THE EFFECTIVE ASSISTANCE OF COUNSEL WHEN HIS TRIAL ATTORNEY FAILED TO FILE AN APPEAL OF HIS SENTENCE IN VIOLATION OF U.S. CONST. AMENDS.  VI, XIV; N.J. CONST. (1947) ART. I, PAR. 10.
>
> POINT II
>
> TRIAL COUNSEL WAS INEFFECTIVE IN FAILING TO ADEQUATELY ADDRESS MITIGATING FACTORS BEFORE THE COURT DURING THE SENTENCING.

As both arguments center on claims of ineffective assistance of counsel, we first review the applicable law on that subject. To establish a claim of ineffective assistance of counsel, a defendant must satisfy the two-part Strickland test: (1) "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment[,]" and (2) "the deficient performance prejudiced the defense." Strickland, 466 U.S. at 687 (citing U.S. Const. amend. VI); State v. Fritz, 105 N.J. 42, 58 (1987) (adopting the Strickland two-prong test in New Jersey).

On petitions brought by a defendant who has entered a guilty plea, a defendant satisfies the first Strickland prong if he can demonstrate counsel's representation fell short of the prevailing norms of the legal community. Padilla v. Kentucky, 559 U.S. 356, 366-67 (2010). A defendant may prove the second prong of Strickland by establishing "a reasonable probability" that defendant "would not have [pleaded] guilty" but for counsel's errors. State v. Gaitan, 209 N.J. 339, 351 (2012) (quoting State v. Nuñez-Valdéz, 200 N.J. 129, 139 (2009)).

In reviewing such claims of ineffectiveness, courts apply a strong presumption that defense counsel "rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690. "[C]omplaints 'merely of matters of trial strategy'

9

will not serve to ground a constitutional claim of inadequacy . . . ." Fritz, 105 N.J. at 54 (citation omitted); see also State v. Echols, 199 N.J. 344, 357-59 (2009). "The quality of counsel's performance cannot be fairly assessed by focusing on a handful of issues while ignoring the totality of counsel's performance in the context of the State's evidence of defendant's guilt." State v. Castagna, 187 N.J. 293, 314 (2006) (citing State v. Marshall 123 N.J. 1, 165 (1991)).

A defendant must establish by a preponderance of the credible evidence that they are entitled to the relief requested in the PCR petition. State v. Nash, 212 N.J. 518, 541 (2013). To sustain that burden, a defendant must allege and articulate specific facts that "provide the court with an adequate basis on which to rest it decision." State v. Mitchell, 126 N.J. 565, 579 (1992). "[B]ald assertions" of deficient performance are simply insufficient to support a PCR application. State v. Cummings, 321 N.J. Super. 154, 170 (App. Div. 1999); see also R. 3:22-10(b).

In Strickland, the United States Supreme Court explicitly rejected a bright-line rule that counsel must file an appeal unless the defendant instructs otherwise, instead holding that "the performance inquiry must be whether counsel's assistance was reasonable considering all the circumstances." 466

10

U.S. at 688. In instances in which a defendant seeking PCR "neither instructs counsel to file an appeal nor asks that an appeal not be taken," among the considerations the court should weigh is whether the defendant could present non-frivolous grounds for appeal. State v. Jones, 446 N.J. Super. 28, 35 (App. Div. 2016) (quoting Roe v. Flores-Ortega, 528 U.S. 470, 478 (2000)).

Here, the PCR court considered precisely that point and correctly determined that defendant's grounds for appeal were insufficient as a matter of law in that defendant's limited substance on the date in question does not implicate a mitigating factor. In particular, factors 3 and 4 concern provocative acts of the victim, not a mental state of the defendant. State v. Jasuilewicz, 205 N.J. Super. 558, 576 (App. Div. 1985). Because defendant's intoxication does not constitute provocation, it does not implicate a mitigating factor. Likewise, a trial court is not compelled to find a mitigating factor exists as to a defendant who was under the influence of a controlled substance particularly where, as here, the court found defendant was capable of understanding the nature and quality of his conduct. State v. Setzer, 268 N.J. Super. 553, 567 (App. Div. 1993) (holding the sentencing court's decision not to consider defendant's alleged intoxication a mitigating factor was not erroneous because "crimes committed under the influence of alcohol or drugs do not detract from the

11

seriousness of the offense") (quoting State v. Towey, 244 N.J. Super. 582, 595 (App. Div. 1990)).

In sum, we are satisfied that Judge Critchley properly applied these standards and concur in her credibility-based factual findings and her legal conclusion that there was nothing deficient in trial counsel's performance.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-2335-22